## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Tampa Division

ANGELA LYNN MARTIN, On Behalf of
Herself and All Others Similarly Situated,

        Plaintiff,

v.

SCOTTRADE, INC.,

        Defendant.

Case No. 8:17-cv-1042-T-27AAS

## PLAINTIFF'S MOTION TO REMAND AND INCORPORATED
## MEMORANDUM OF LAW

Plaintiff Angela Lynn Martin, on behalf of herself and all others similarly situated, moves this Court for an order remanding this action back to the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.

This motion is made pursuant to 28 U.S.C. §1447(c), on the grounds that because Plaintiff does not have Article III standing, the Court does not have subject matter jurisdiction. Additionally, the Securities Litigation Uniform Standards Act, 15 U.S.C. §78bb ("SLUSA") has no bearing on this matter since it involves a data breach, not the purchase or sale of a security, and so SLUSA cannot operate to preclude this case in Florida state court. Thus, the Court must remand the case.

Plaintiff requests oral argument on this motion and estimates oral argument at 30 minutes. Plaintiff's motion is based on the declaration in support thereof filed concurrently herewith, and such further oral or documentary evidence as may be presented at the hearing of this motion.

## I.      INTRODUCTION

A federal court can only hear a case if it has subject-matter jurisdiction. Article III standing provides subject-matter jurisdiction. If Article III standing does not exist, the federal court must remand the case. Remand is mandatory, even for cases removed pursuant to the Class Action Fairness Act ("CAFA"), because the Article III standing requirement cannot be eliminated by statute. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009).

The parties here agree that Plaintiff does not have Article III standing. This issue was previously raised by defendant Scottrade, Inc. ("Scottrade") and decided in Scottrade's favor by the Eastern District of Missouri in a prior action. *See Duqum v. Scottrade, Inc.*, No. 15-cv-01537 (E.D. Mo.) ("*Duqum*"), ECF No. 79; *see also* Declaration of Geoffrey E. Parmer in Support of Plaintiff's Motion to Remand ("Parmer Decl."), ¶3, Ex. A ("Dismissal Order"). Indeed, Scottrade's success in arguing Plaintiff lacks Article III standing is the very reason

Plaintiff filed this action in state court. Scottrade even concedes that the dismissal order entered in the Eastern District of Missouri – which is limited solely to the standing issue and not any substantive issue, as Scottrade misleadingly implies in its removal papers – has a *res judicata* effect on this case. *See Hine v. Scottrade, Inc.*, No. 16-cv-02787 (S.D. Cal.) ("*Hine*"), ECF No. 3-1 at 11-14. That is, based on *Duqum*, this Court does not have subject-matter jurisdiction.

The parties have been down this road before in a related case (just four months ago), when the court in *Hine* granted the plaintiff's motion for remand to California state court, holding that "[b]oth parties agree that, based on the Eastern District of Missouri's ruling, Hine does not have standing to pursue this claim in federal court unless and until the Eighth Circuit reverses that ruling. That means that this court does not have subject matter jurisdiction over the case." *Id.*, ECF. No. 14 at 3; *see also* Parmer Decl., ¶4, Ex. B ("Remand Order").

Absent some new facts alleged by Plaintiff in the current complaint giving rise to Article III standing, this Court lacks subject-matter jurisdiction. Scottrade concedes that Plaintiff's current complaint is the same as the complaint that was the basis of the prior dismissal order. Def.'s Notice of Removal ("Removal"), ¶¶7, 10, 12. Moreover, Scottrade's arguments are disingenuous as it is well aware that the ruling in *Hine* explicitly and unambiguously proves that this Court does not have jurisdiction. *Id.* Accordingly, the Court must remand the action.

Furthermore, Scottrade's argument that the Securities Litigation Uniform Standards Act, 15 U.S.C. §78bb ("SLUSA"), precludes Plaintiff's class action is incorrect and borderline frivolous. This is a data breach case. This case has nothing to do with the sale or purchase of securities. Scottrade wants this Court to believe that every action against a securities broker like Scottrade will fall under SLUSA. That is not what SLUSA says.

00120781

Scottrade's desperate attempt to manufacture some grounds on which to apply SLUSA fails; SLUSA has no bearing on this matter and thus cannot preclude it in state court.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This is a data breach case. Plaintiff alleges Scottrade failed to live up to its customers' reasonable expectations and its contractual obligations to adequately safeguard its customers' confidential financial and other personal information ("PII"). As a result of Scottrade's inadequate security measures, from about September 2013 to February 2014, hackers were able to access and export Plaintiff's and Class members' PII (the "Data Breach"). Plaintiff brings this action on behalf of herself and all Florida residents whose PII was disclosed as a result of the Data Breach.

On December 4, 2015, Plaintiff filed her original complaint in the U.S. District Court for the Middle District of Florida. *See Martin v. Scottrade, Inc.*, No. 15-cv-02791 (M.D. Fla.), ECF No. 1. Several other complaints were filed around the same time by other plaintiffs in other districts. On January 26, 2016, Plaintiff's case was transferred to the Eastern District of Missouri where other related cases were pending, and on February 19, 2016, the plaintiffs jointly filed a consolidated complaint. *Martin*, ECF No. 13; *Duqum*, ECF No. 40. On March 21, 2016, Scottrade moved to dismiss pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. *Duqum*, ECF Nos. 58-59.

Magistrate Judge Shirley Mensah of the Eastern District of Missouri granted Scottrade's Rule 12(b)(1) motion and declined to rule on the merits of the Rule 12(b)(6) motion. *Duqum*, ECF No. 79; Dismissal Order at 18-19. In ruling on the Rule 12(b)(1) motion, Judge Mensah found "Plaintiffs have failed to plead facts demonstrating that they have suffered any injury in fact" under Article III and dismissed the actions without prejudice. *Id.* at 18. Given the court's ruling, Plaintiff opted to re-file her case in Florida state court where Article III does not apply. *See ASARCO, Inc. v. Kadish*, 490 U.S. 605, 617

(1989).

## III.    THE CASE MUST BE REMANDED

On a motion to remand, the removing defendant shoulders the burden of demonstrating that federal jurisdiction lies in the case. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that ***cannot be removed by statute***." *Summers*, 555 U.S. at 497 (emphasis added). It is a well-established rule that removal statutes are construed strictly and that any doubts or ambiguities regarding removal must be resolved in favor of remand. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006); *Johnson v. State Farm Mut. Auto. Ins. Co.*, No. 15-cv-1942, 2016 U.S. Dist. LEXIS 8528, at *3 (M.D. Fla. Jan. 22, 2016) (citations omitted).

The district court is authorized to, and must, remand a case if it appears to lack subject-matter jurisdiction, and in such an instance, the Supreme Court has noted the literal words of §1447(c) give district courts "no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991), *superseded by statute on other grounds*, 28 U.S.C. §1442(a)(1), *as recognized in Lopez v. Vaquera*, No. 12-cv-00427, 2013 U.S. Dist. LEXIS 22035, at *7 (W.D. Tex. Feb. 19, 2013) (citations omitted). Thus, remand "is mandatory and may not be disregarded based on speculation about the proceeding's futility in state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

### A.    CAFA Does Not Provide The Court With Subject-Matter Jurisdiction

When a case is initially filed in state court, a party may remove it only if the case originally could have been brought in federal court. *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1070 (11th Cir. 2001); *Howard & Assocs. v. Lieff Cabraser Heimann & Bernstein, LLP*, No. 15-cv-01109, 2016 U.S. Dist. LEXIS 186144, at *9 (M.D. Fla. Sep. 26, 2016). A

00120781

4

district court has subject-matter jurisdiction over a suit only if Article III standing is established, because only then is the suit a "case or controversy" capable of resolution by a federal court. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101, 109-110 (1998). Therefore, if there is no standing, the case could not have originally been filed in district court, and the district court must remand for lack of subject-matter jurisdiction even where the procedural requirements of CAFA have been satisfied for removal. *See* 28 U.S.C. §1453(c)(1) ("Section 1447 shall apply to any removal of a case under [CAFA] . . . ."); *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under §1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case."); *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1031 (8th Cir. 2014) (remanding because plaintiffs lacked Article III standing, stating: "To interpret CAFA as a congressional attempt to extend federal jurisdiction to cases involving no injury *in fact* would force us to presume – without any basis in the statutory text, and in contradiction to long-settled constitutional precedent – that Congress intended to stretch, if not breach, the constitutional limits on federal jurisdiction.") (citations omitted; emphasis in original); *Patton v. Experian Data Corp.*, No. 15-cv-01871, 2016 U.S. Dist. LEXIS 60590, at *14-17 (C.D. Cal. May 6, 2016) (finding that "the Court does not have federal subject-matter jurisdiction because Plaintiffs lack Article III standing," and defendants' "basis for subject-matter jurisdiction under CAFA does not trump Plaintiffs' failure to establish an Article III injury-in-fact"); *Schartel v. One Source Tech., LLC*, No. 15-cv-01434, 2016 U.S. Dist. LEXIS 142526, at *7 (N.D. Ohio Oct. 14, 2016) (same); *Sprye v. Ace Motor Acceptance Corp.*, No. 16-cv-03064, 2017 U.S. Dist. LEXIS 67840, at *18 (D. Md. May 3, 2017) (defendant removed plaintiff's claims on the basis of either supplemental jurisdiction or CAFA, but the court still remanded to state court because plaintiff lacked Article III

standing).

Here, on Scottrade's Rule 12(b)(1) motion, Judge Mensah previously found Plaintiff lacks Article III standing. Dismissal Order at 18.[1] Plaintiff does not allege any new facts that would change this ruling, and in fact, Scottrade concedes that the current complaint is not materially different from the consolidated complaint upon which Judge Mensah's dismissal order was based. Scottrade states in its removal papers: "The allegations in the instant class action Complaint are substantively identical to those in the consolidated complaint that was dismissed with prejudice by the Eastern District of Missouri." Removal, ¶10. Scottrade also concedes that Judge Mensah's order was a final judgment that dismissed the claims with prejudice, thereby acknowledging the *res judicata* effect of the Dismissal Order on subject-matter jurisdiction grounds. *Id.*, ¶9. Plaintiff agrees: Judge Mensah's findings regarding Article III are binding on this Court and cannot be re-litigated. Without Article III standing, this Court does not have subject-matter jurisdiction.[2]

Scottrade now seeks a federal forum under CAFA, but Scottrade already chose to contest federal jurisdiction and won. It cannot have its cake and eat it too by seeking to remove this case to federal court only to "then seize on federal law to insist that plaintiffs lack standing to go forward." *Waller v. Hewlett-Packard Co.*, No. 11-cv-00454, 2013 U.S. Dist. LEXIS 74790, at *8-9 (S.D. Cal. May 24, 2013). This is not "within the spirit and

---

[1] Likewise, the Court in *Hine* granted remand because, based on the Dismissal Order in *Duqum*, there was no Article III standing and thus no subject-matter jurisdiction. *Hine*, ECF. No. 14 at 3.

[2] Additionally, Scottrade's statements regarding the amount in controversy are based on Plaintiff's allegation that the damages exceed $15,000 and her example of one study that valued restriction of improper access to consumers' PII at a certain dollar range, neither of which provide Scottrade (or the Court) with a factual basis for determining the amount or concluding that the value range is accurate and immutable. Compl., ¶¶7, 20; Removal, ¶22. "Such vague allegations are not a substitute for establishing jurisdictional facts." *White v. Impac Funding Corp.*, No. 10-cv-01780, 2011 U.S. Dist. LEXIS 24089, at *7 (M.D. Fla. Feb. 14, 2011) (citing *Handforth v. Stenotype Inst. of Jacksonville, Inc.*, No. 09-cv-00361, 2010 U.S. Dist. LEXIS 6032, at *7-10 (M.D. Fla. Jan. 4, 2010)). Nor do such allegations satisfy Scottrade's burden of persuasion on the amount in controversy. *Miedema*, 450 F.3d at 1328 (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)). Thus, since the jurisdictional amount is not "stated clearly on the face of the documents before the court, or readily deducible from them," the court does not have jurisdiction. *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 n.8 (11th Cir. 2010) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007)).

00120781

purpose of CAFA." *Id.*

Plaintiff should be able to proceed with her case in a court of appropriate jurisdiction: Florida state court. *ASARCO*, 490 U.S. at 617 ("We have recognized often that the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability."), *accord Look v. Look Ins., Inc.*, No. 05-cv-00417, 2006 U.S. Dist. LEXIS 30500, at *6 (M.D. Fla. May 18, 2006). Pursuant to Section 1447(c) and the case law cited above, the Court must remand the action back to the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.

### B.    SLUSA Does Not Provide The Court With Subject-Matter Jurisdiction

Plaintiff alleges that due to Scottrade's inadequate security measures, Plaintiff's and the other Class members' PII was taken in a data breach where third-party hackers easily obtained and misused their PII. SLUSA does not apply because these are not claims predicated on fraudulent conduct by Scottrade made "in connection with the purchase or sale" of covered securities.

In an effort to reform securities fraud litigation, SLUSA made "[f]ederal court the exclusive venue for securities fraud class action litigation." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 87 n.12 (2006) (citation omitted). However, SLUSA does not apply to every action against a securities broker as Scottrade seems to suggest.

SLUSA "purposefully maintains state legal authority, especially over matters that are primarily of state concern," including efforts to provide remedies for those impacted by ordinary breaches of duty. *Chadbourne & Parke LLP v. Troice*, _ U.S. _, 134 S. Ct. 1058, 1068 (2014). As such, Plaintiff's motion for remand claiming the action is not precluded under SLUSA "must be seen as posing a jurisdictional issue," and "[i]f the action is not precluded, the federal court [] has no jurisdiction to touch the case on the merits, and the

00120781

proper course is to remand to the state court that can deal with it." *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644, 126 S. Ct. 2145, 2155 (2006).

SLUSA is intended to address securities fraud litigation and so only bars private plaintiffs from bringing: (1) a covered class action (2) based on state law claims (3) alleging that defendant made a misrepresentation or omission employed by a manipulative or deceptive device (4) in connection with the purchase or sale of (5) a covered security. *See In re Kingate Mgmt. Litig.*, 784 F.3d 128, 139 (2d Cir. 2015); *Sullivan v. Holland & Knight LLP*, No. 09-cv-00531, 2010 U.S. Dist. LEXIS 47963, at *2 (M.D. Fla. Mar. 31, 2010) (citing *Cordova v. Lehman Brothers, Inc.*, 413 F.Supp.2d 1309, 1315 (S.D. Fla. 2006)). *See also* 15 U.S.C. §78bb(f)(1). All factors must be met for SLUSA to apply.

Scottrade's failure to protect Plaintiff's PII, which it can store for years without ever conducting a trade, has absolutely nothing to do with the sale or purchase of covered securities. Relying on *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71 (2006), Scottrade argues that SLUSA applies because "it is enough that the fraud alleged 'coincide' with a securities transaction—whether by the plaintiff or by someone else." Removal, ¶42 (quoting *Dabit*, 547 U.S. at 85).

Scottrade misreads the holding of *Dabit* and ignores *Chadbourne*.

In *Dabit*, brokers alleged they relied on Merrill Lynch's misrepresentations in holding stock longer than they would have had the truth been known. 547 U.S. at 75. The plaintiff broker argued SLUSA did not apply because "in connection with the purchase or sale" related only to a sale or purchase of covered securities, not the holding of securities. *Id.* at 76. The Supreme Court interpreted the statute logically to include those who held onto securities because of acts of securities fraud, as well as those who bought or sold because of securities fraud. *Id.* at 85. The Court found that "the identity of the plaintiffs does not determine whether the complaint alleges fraud in connection with the purchase or sale of securities." *Id.*

at 89 (citation omitted). "The requisite showing, in other words, is deception in connection with the purchase or sale of any security, not deception of an identifiable purchaser or seller." *Id.* at 85 (citation omitted).

In *Chadbourne*, the Supreme Court clarified its *Dabit* holding by limiting the scope of the phrase "in connection with" only to those fraudulent misrepresentations or omissions that are "material to a decision by one or more individuals (other than the fraudster) to buy or to sell a 'covered security.'" *Chadbourne*, 134 S. Ct. at 1066, *accord Seminole Tribe of Fla. v. Wells Fargo Bank, N.A.*, No. 16-cv-60414, 2016 U.S. Dist. LEXIS 183933, at *8 (S.D. Fla. May 31, 2016) (finding that the allegedly fraudulent scheme of improperly charging unauthorized fees and concealing those charges by issuing statements containing different charges "does not allege fraud in connection with the purchase or sale of covered securities in the material manner required by the Supreme Court"). In other words, "in connection with" requires Plaintiff to allege she sold or purchased a covered security in reliance on Scottrade's false information. Plaintiff does not allege anything to do with purchasing or selling securities.

Here, as in *Seminole Tribe*, the materiality requirement is not met. Plaintiff alleges she "would not have opened an account with Scottrade, or would not have paid as much with respect to that account, had she known that Scottrade failed to take reasonable precautions to secure her personal identifying information and financial data." Compl., ¶45. Scottrade's alleged misconduct occurred in inadequately storing Plaintiff's PII – Plaintiff does not allege that she purchased or sold securities based on that misconduct. Indeed, Plaintiff does not allege that she would not have purchased or sold particular securities absent Scottrade's misconduct. Scottrade's promise to use adequate security to protect Plaintiff's PII, Scottrade's insufficient protection of that PII, and its failure to promptly notify Plaintiff of the data breach, are in no way "material to a decision . . . to buy or to sell a 'covered

00120781

security.'" *Chadbourne*, 134 S. Ct. at 1066.

In other words the protection of Plaintiff's PII was not material to her alleged decision to buy or sell shares because it would not matter if she had made multiple purchases and sales of shares each day she maintained an account with Scottrade or none at all— Scottrade was in possession of (and inadequately safeguarding) her PII from the moment she opened her account. Thus, it was not in connection with a purchase or sale of shares that Plaintiff alleges fraudulent conduct; it was in connection with Scottrade's failure to protect the PII it obtained from her when she opened her account.

Additionally, SLUSA applies only to "state law claims predicated on [fraudulent] conduct *by the defendant*." *In re Kingate*, 784 F.3d at 146 (emphasis in original); *see also Freeman Invs., L.P. v. Pac. Life Ins. Co.*, 704 F.3d 1110, 1115 (9th Cir. 2013). The test is whether false conduct is "a factual predicate" of the particular cause of action as alleged by plaintiff, which means it must be "essential to the success of the state law claim." *Kingate*, 784 F.3d at 144, 147; *see also Freeman Invs., L.P. v. Pac. Life Ins. Co.*, 704 F.3d 1110, 1115 (9th Cir. 2013). Only those claims that fall under SLUSA are precluded from state court.

Plaintiff's Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claims are predicated in part on her allegations that Scottrade engaged in unfair business practices by collecting confidential and sensitive personal and financial information and then failing to maintain reasonable and adequate security measures to secure, protect, and safeguard her PII. Compl., ¶¶3, 138. "FDUTPA was enacted to provide remedies for conduct outside the reach of traditional common law torts such as fraud, and therefore, 'the plaintiff need not prove the elements of fraud to sustain an action under the statute.'" *Gastaldi v. Sunvest Cmtys. USA, LLC*, 637 F. Supp. 2d 1045, 1058 (S.D. Fla. 2009). Accordingly, Plaintiff's FDUPTA claim is not predicated on fraud.

Plaintiff's allegations also establish a breach of fiduciary duty because she has shown

00120781

"that the duty was breached by improper action or by the failure to take necessary action" (*Interstate Sec. Corp. v. Hayes Corp.*, 920 F.2d 769, 777 (11th Cir. 1991)) and that damages flow from the breach. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012). At no time does Plaintiff allege that Scottrade's failure to fulfill its duty is fraudulent. Thus, unlike a claim that a defendant "made misrepresentations about the funds themselves that coincided with its investing trust assets in said funds," the claim here—"a straightforward breach claim for failure to provide the advertised investment services and failure to satisfy fiduciary duties"—would not be precluded by SLUSA. *Spencer v. Wachovia Bank, N.A.*, No. 05-cv-81016, 2006 U.S. Dist. LEXIS 52374, at *14-15 (S.D. Fla. May 10, 2006) (citing *Norman v. Saloman Smith Barney, Inc.*, 350 F. Supp. 2d 382, 387 (S.D.N.Y. 2004)). Indeed, Plaintiff's declaratory relief claim is based on whether Scottrade has a duty to protect Plaintiff's and other Class members' PII and whether Scottrade breached that duty. Compl., ¶132. This has nothing to do with fraud.

Moreover, "[a] third party's fraud—although the intervening and primary cause of the plaintiff's losses—does not supplant the fraudulent conduct on the part of the defendant that is necessary to trigger SLUSA preemption." *Roland v. Green*, 675 F.3d 503, 516 (5th Cir. 2012) (citing *Levinson v. PSCC Servs.*, No. 09-cv-00269, 2010 U.S. Dist. LEXIS 137537, at *28 (D. Conn. Dec. 19, 2010)). Here, it is not Scottrade's conduct that is fraudulent; rather, the fraud lies in the conduct of the hackers who stole the PII of Plaintiff and the Class. Thus, Plaintiffs' claims for breach of duty are not covered by SLUSA because they "do not [] requir[e] a showing of false conduct *by the named [d]efendants* of the sort specified in SLUSA." *In re Kingate*, 784 F.3d at 152 (emphasis in original).

The misconduct alleged by Plaintiff is that Scottrade breached its obligations by not safeguarding her PII. Scottrade's misconduct in breaching its duties, even if considered fraud, had nothing to do with Plaintiff's decision on whether to buy, sell, or hold a security.

Regardless of any representations or omissions to Plaintiff, Scottrade had a duty to protect the PII of Plaintiff and the Class that it failed to fulfill. Accordingly, SLUSA does not apply and thus, does not give the Court exclusive jurisdiction over the case. Plaintiff's case is appropriately in Florida state court and thus, should be remanded.

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion, remand this case back to the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.

### CERTIFICATE OF COMPLAINCE WITH LOCAL RULE 3.01(g)

Counsel for the Plaintiff certifies that they conferred with opposing counsel in good faith prior to the filing of this motion. Counsel for the parties could not agree on the resolution of the motion as opposing counsel stated it would oppose any effort to remand this action to state court.

Respectfully submitted,

Dated: May 11, 2017                DOGALI LAW GROUP, P.A.
                                   ANTHONY DOGALI (615862)
                                   GEOFFREY E. PARMER (989258)


                                   *s/ Geoffrey E. Parmer*
                                   GEOFFREY E. PARMER

                                   101 E. Kennedy Blvd., Suite 1100
                                   Tampa, FL  33602
                                   Tel: 813/289-0700
                                   813/289-9435 (fax)
                                   adogali@dogalilaw.com
                                   gparmer@dogalilaw.com

                                   BLOOD HURST & O'REARDON, LLP
                                   TIMOTHY G. BLOOD (*pro hac vice pending*)
                                   THOMAS J. O'REARDON II (247952CA)
                                   PAULA R. BROWN (254142CA)
                                   701 B Street, Suite 1700
                                   San Diego, CA  92101
                                   Tel: 619/338-1100
                                   619/338-1101 (fax)

12

00120781

tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

SIPRUT PC
JOSEPH J. SIPRUT (6279813 IL)
RICHARD L. MILLER II (6243507 IL)
RICHARD S. WILSON (6321743 IL)
17 North State Street, Suite 1600
Chicago, IL 60602
Tel: 312/236-0000
312/878-1342 (fax)
jsiprut@siprut.com
rmiller@siprut.com
rwilson@siprut.com

COHELAN KHOURY & SINGER
TIMOTHY D. COHELAN (60827CA)
J. JASON. HILL (179630 CA)
605 C Street, Suite 200
San Diego, CA  92101
Tel: 619/595-3001
619/595-3000 (fax)
tcohelan@ckslawfirm.com
jhill@ckslaw.com

SPRETER LAW FIRM, APC
GEOFF SPRETER (257707CA)
402 W. Broadway, Suite 860
San Diego, CA  92101
Tel: 619/865-7986
geoff@spreterlaw.com

*Attorneys for Plaintiff Angela Lynn Martin*

00120781

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

Executed on May 11, 2017, at Tampa, Florida

*s/ Geoffrey E. Parmer*
GEOFFREY E. PARMER (989258)
Attorney for Plaintiff Angela Lynn Martin

101 E. Kennedy Blvd., Suite 1100
Tampa, FL  33602
Tel: 813/289-0700
813/289-9435 (fax)
gparmer@dogalilaw.com

14