UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA LYNN MARTIN,
on behalf of herself and all
others similarly situated,

        Plaintiff,

v.                                        Case No.: 8:17-cv-1042 T-24 AAS

SCOTTRADE, INC.,

        Defendant.
_____/

## ORDER

This cause comes before this Court on three motions filed by Defendant Scottrade, Inc. ("Scottrade"): 1) Scottrade's motion to dismiss Plaintiff Angela Martin's original class action complaint (Doc. 61); 2) Scottrade's motion to transfer this case to the United States District Court for the Eastern District of Missouri (Doc. 62); and 3) Scottrade's motion to strike Martin's amended complaint class action complaint or, alternatively, motion to dismiss the amended class action complaint (Doc. 67). As explained below, Scottrade's motion to dismiss the original complaint (Doc. 61) is **DENIED AS MOOT**, its motion to strike or, alternatively, to dismiss the amended complaint (Doc. 67) is **DENIED** to the extent it seeks to strike the amended complaint and **DENIED AS MOOT** to the extent it seeks dismissal of the amended complaint, and its motion to transfer this case to the Eastern District of Missouri is **GRANTED**.

**I.    Procedural and Factual Background**

This action stems from a security breach in which hackers accessed Scottrade's internal database in 2013. The hackers were purportedly able to access and export personal identifying

1

information of Martin and other Scottrade customers. As set forth in her complaint, Martin alleges that the hack was the result of Scottrade's failure to utilize adequate security measures.

This is the second time Martin's claims have been before this Court. On December 4, 2015, Martin filed a putative nationwide class action in this Court against Scottrade, alleging claims for breach of express contract, breach of implied contract, violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et. seq.* ("FDUTPA") and substantially similar laws of other states, bailment, and negligence. (*See Martin v. Scottrade*, 8:15-cv-02791-T24-EAJ, Doc. 1 (M.D. Fla. Dec. 4, 2015)). In that case, Martin and Scottrade filed a joint motion to transfer the case to the Eastern District of Missouri, asserting transfer was appropriate because Scottrade's headquarters and principal place of business were located in the Eastern District of Missouri, because the Eastern District of Missouri was a more convenient forum for the vast majority of witnesses in the case, and because there were currently three other related putative class actions alleging similar claims arising from the same alleged data breach pending in the Eastern District of Missouri. (*Martin v. Scottrade*, 8:15-cv-02791-T24-EAJ, Doc. 11 (M.D. Fla. Jan. 25, 2016)). This Court granted the motion and transferred the case. (*Martin v. Scottrade*, 8:15-cv-02791-T24-EAJ, Doc. 12 (M.D. Fla. Jan. 26, 2016)).

After being transferred to the Eastern District of Missouri, Martin's case was consolidated with three similar putative class actions arising from the same data breach. (*Duqum v. Scottrade, Inc.*, 4:15-cv-1537-SPM, Doc. 38 (E.D. Mo. Feb. 9, 2016)). A consolidated class action complaint was then filed. (*Duqum v. Scottrade, Inc.*, 4:15-cv-1537-SPM, Doc. 40 (E.D. Mo. Feb. 19, 2016)). In the consolidated class action complaint, the plaintiffs sought certification of a nationwide class or, alternatively, of separate California, Florida, Missouri, and Nevada classes, and asserted claims for breach of contract, breach of implied contract, negligence, unjust

enrichment/assumpsit, declaratory relief, and violations of the FDUTPA, among other claims. (*Duqum v. Scottrade, Inc.*, 4:15-cv-1537-SPM, Doc. 40 (E.D. Mo. Feb. 19, 2016)). The Eastern District of Missouri dismissed the consolidated complaint for lack of Article III standing, finding that the plaintiffs failed to plead facts to demonstrate that they had suffered an injury in fact. (*Duqum v. Scottrade, Inc.*, 4:15-cv-1537-SPM, Doc. 79 (E.D. Mo. July 12, 2016)). One of Martin's co-plaintiffs appealed this dismissal to the Eighth Circuit, but Martin did not join in that appeal. (*See Duqum v. Scottrade, Inc.*, 4:15-cv-1537-SPM, Doc. 81 (E.D. Mo. Aug. 11, 2016)).

In lieu of joining in the appeal to the Eighth Circuit, Martin re-filed her action in state court in Pasco County, Florida on March 24, 2017. (Doc. 2). Another plaintiff in the Eastern District of Missouri consolidated complaint, Stephen Hine, who is represented by the same counsel as Martin, took the same action and re-filed his case in the San Diego Superior Court. Hine's case was subsequently removed to the Southern District of California. The Southern District of California then transferred Hine's case to the Eastern District of Missouri. (*See Hine v. Scottrade, Inc.*, 4:17-cv-02803, Doc. 24 (E.D. Mo. Dec. 1, 2017)).

In her original complaint filed in Pasco County, Martin sought the certification of a Florida class and alleged five state law claims for breach of contract, breach of implied contract, unjust enrichment/assumpsit, declaratory relief, and violations of the FDUTPA. (Doc. 2). Scottrade removed Martin's action to this Court under the Class Action Fairness Act of 2005 and the Securities Litigation Uniform Standards Act. (Doc. 1). Martin moved to remand the case to Pasco County (Doc. 8), and Scottrade moved to dismiss Martin's complaint (Doc. 15) and to transfer the case to the Eastern District of Missouri (Doc. 16). This Court *sua sponte* struck Scottrade's motions to dismiss and transfer based on Local Rule 3.01(a). (Doc. 17). On July 26, 2017, the Court stayed this action pending a decision from the Eighth Circuit and terminated all

3

pending motions. (Doc. 46). The parties had agreed that a stay was appropriate because the Eight Circuit's ruling could be determinative of the issues before this Court. (*See* Doc. 46).

On August 21, 2017, the Eighth Circuit rendered its opinion. *See Kuhns v. Scottrade, Inc.*, 868 F.3d 711 (8th Cir. 2017). The Eighth Circuit held that the plaintiffs had Article III standing to bring their claims but nevertheless affirmed the Eastern District of Missouri's "dismissal with prejudice because the Consolidated Complaint did not state claims upon which relief [could] be granted." *Id.* at 714. In light of the Eight Circuit's opinion, the Court re-opened this action and directed the parties to re-file their pre-stay motions (Docs. 57, 59).

Scottrade then filed a motion to dismiss (Doc. 61) and motion to transfer (Doc. 62). Martin gave notice that she would not be re-filing her motion to remand (Doc. 60). In response to Scottrade's motion to dismiss, Martin filed an amended complaint. (Doc. 65). In the amended complaint, Martin brought claims for breach of contract, breach of implied contract, unjust enrichment/assumpsit, violations of the FDUTPA, and fraudulent inducement. (Doc. 65). Scottrade then moved to strike the amended complaint, arguing that it was filed without consent or leave of court. (Doc. 67). Alternatively, Scottrade moved to dismiss the amended complaint, arguing that Plaintiff's claims were barred by *res judicata*, that Martin failed to plead actual damages as a result of the cyber-attack, that Martin's claims were foreclosed by the Eighth Circuit's decision in *Kuhns*, that Martin failed to allege a claim for fraudulent inducement, and that there was no personal jurisdiction over Scottrade in Florida. (Doc. 67).

Scottrade's motion to dismiss the original complaint (Doc. 61), motion to transfer (Doc. 62), and motion to strike the amended complaint or, alternatively, dismiss the amended complaint (Doc. 67), are currently pending before this Court.

4

**II.     Motion to Strike**

The Court first addresses Scottrade's request that the Court strike Martin's amended complaint, which was filed in response to Scottrade's motion to dismiss. Rule 15 of the Federal Rules of Civil procedure provides in pertinent part:

> (a) Amendments Before Trial.
>
> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

Scottrade moves to strike Martin's amended complaint, arguing that Martin did not obtain consent from Scottrade or leave of Court as required by Rule 15(a)(2). Scottrade asserts that Martin cannot amend as a matter of course pursuant to Rule 15(a)(1) because more than 21 days have passed since Martin served her original complaint and more than 21 days have passed since Scottrade served its initial motion to dismiss prior to the stay.

But as pointed out by Martin, Scottrade's initial motion to dismiss was stricken by the Court on its own before Martin filed or was obligated to file a response. (*See* Docs. 15, 17). After this case was stayed and subsequently returned to active status (*see* Docs. 46, 57), Scottrade refiled its motion to dismiss on September 19, 2017. This is the operative motion to dismiss for purposes of Martin's right to amend as a matter of course. Because Martin filed her first

5

amended complaint within 21 days of Scottrade filing its September 19, 2017 motion to dismiss, she did not need Scottrade's consent or leave or Court. Accordingly, Scottrade's motion to strike the first amended complaint is denied. Moreover, because Martin properly filed her amended complaint, Scottrade's September 19, 2017 motion to dismiss the original complaint (Doc. 61) is denied as moot.

### III. Motion to Transfer

The Court next addresses Scottrade's motion to transfer (Doc. 62). In its motion to transfer, Scottrade argues that the convenience of the parties, the witness and the Court, and the interests of justice, would be best served by transferring this case to the Eastern District of Missouri.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "District courts have broad discretion in deciding whether to transfer an action to a more convenient forum." *Omega Patents, LLC v. Lear Corp.*, No. 6:07–cv–1422–Orl–35DAB, 2009 WL 1513392, at *2 (M.D. Fla. May 27, 2009) (citing *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988)).

The determination of whether to transfer venue under § 1404(a) is subject to a two-step analysis. *See Nat'l Trust Ins. Co. v. Penn. Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1241 (M.D. Fla. 2016). The Court must first determine whether the alternative venue is one where the action could originally have been brought. *Id.* Then, the Court must assess "whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice." *Eye Care Int'l, Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1318 (M.D. Fla. 2000). The party seeking transfer has the burden of establishing that the transferee forum is more convenient and that

transfer is appropriate. *Reliastar Life Ins. Co. v. Damon*, No. 2:16-cv-304-FtM-29CM, 2016 WL 4254088, at *2 (M.D. Fla. Aug. 12, 2016).

### a. Sufficiency of the Proposed Venue

Although Martin does not consent to transfer, she does not dispute that this action could have originally been brought in the Eastern District of Missouri. Indeed, she previously agreed to transfer her prior case based on the same set of facts to the Eastern District of Missouri. Moreover, Scottrade's headquarters and principal place of business are in the Eastern District of Missouri. *See* 28 U.S.C. § 1391(c). Accordingly, it is clear that this action could have originally been brought in the Eastern District of Missouri.

### b. Fairness and Convenience Factors Weigh in Favor of Transfer

The Eleventh Circuit has stated that nine fairness and convenience factors should be considered when evaluating whether a transfer would serve the convenience of the parties and witnesses, and would be in the interests of justice:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted). Here, upon consideration of these factors, the Court concludes that transfer to the Eastern District of Missouri is warranted.

### i. The Weight Accorded to Plaintiffs' Choice of Forum

While a plaintiff's choice of forum is ordinarily afforded considerably deference, "when the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Delorenzo v. HP Enters. Servs., LLC*, 79 F. Supp. 3d 1277, 1283 (M.D. Fla. 2015) (internal quotation marks and citations omitted). Here, the crux of Martin's claim is that Scottrade had inadequate security measures in place over its internal database so that hackers were able to steal customers' personal identifying information.

It is undisputed that none of Scottrade's computer systems or employees involved in maintaining or securing the internal database are located in Florida. (*See* Doc. 62-1). The operative event—the data breach—therefore did not occur within Florida. Moreover, Martin does not dispute Scottrade's allegations that Martin opened her Scottrade account at a Scottrade office in Illinois and her address on file with Scottrade was an apartment in Illinois. (*See* Doc. 62-2). Thus, it appears the only connection between Florida and this case is that Martin happened to reside in Florida after she opened her Scottrade action. The Court is not persuaded by Martin's argument that her choice of forum should be given great deference because her injuries—the "risk of identity theft and expending of time and energy mitigating against that risk"—occurred in Florida. Lastly, Martin had previously chosen to litigate virtually identical claims based on the same data breach in the Eastern District of Missouri. For these reasons, Martin's choice of forum is given little deference.

### ii. The Convenience of the Parties and Witnesses

"This Court gives great weight to the convenience of the parties and witnesses." *Am. Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.*, 55 F. Supp. 2d 1347, 1352 (M.D. Fla. 1999).

Scottrade contends that the Eastern District of Missouri is a more convenient forum for the witnesses in this litigation because most of the key fact witnesses, who are Scottrade employees, are located in St. Louis, Missouri. Martin, for her part, argues that the Court should focus on the convenience of non-party witnesses, not Scottrade employees, and that transferring this case to the Eastern District of Missouri merely shifts the inconvenience between the parties.

While Martin is correct that "the convenience of a witness is less significant when the witness is an employee of a party, as the employer-party can secure the witness's presence at trial," *Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable S.E. LLC*, 2014 WL 1268584, at *24 (M.D. Fla. Mar. 27, 2014), the convenience of party witnesses is still entitled to some weight. Here, Martin does not dispute that the key witnesses in this case are mainly Scottrade employees concentrated in St. Louis, Missouri. Aside from herself and the class she purports to represent, Martin does not identify any witnesses located in Florida. But, as explained above, Martin's own actions have indicated that she will not be inconvenienced by litigating in the Eastern District of Missouri. In fact, Martin admitted in her virtually identical prior action before this Court that "[t]ransfer of this case to the . . . Eastern District of Missouri is appropriate because . . . the Eastern District of Missouri is a more convenient forum for the vast majority of witnesses in this litigation." (*Martin v. Scottrade, Inc.*, 8:15-cv-02791-T24-EAJ, Doc. 11 (M.D. Fla. Jan. 25, 2016)).

Moreover, there is currently a virtually identical class action, involving the same data breach and the same plaintiff's counsel, pending in the Eastern District of Missouri. As explained above, the Southern District of California recently transferred Stephen Hine's related case to the Eastern District of Missouri. (*See Hine v. Scottrade, Inc.*, 4:17-cv-02803, Doc. 24 (E.D. Mo. Dec. 1, 2017)). Thus, because there is a case currently pending in the Eastern District of Missouri

9

based on the identical subject matter and involving a plaintiff represented by the same counsel as Martin, it will be far more convenient for all parties if this case is transferred to the Eastern District of Missouri. There, it could be consolidated with the *Hine* case, thereby streamlining both discovery and trial. Consequently, transfer to the Eastern District of Missouri would serve the convenience of the parties and witnesses, and this factor weighs strongly in favor of transfer.

### iii. The Location of Relevant Documents and the Relative Ease of Access to Sources of Proof

Without further elaboration, Scottrade asserts that the "access to proof" weighs in favor of transfer. But "'modern technology largely neutralizes traditional obstacles in providing relevant documents and access to proof,' thereby reducing the significance of this factor." *Sec. Capital Holdings, LLC v. Money Source, Inc.*, No. 6:13-cv-1018-Orl-36KRS, 2013 WL 5566071, at *5 (M.D. Fla. Oct. 8, 2013) (quoting *Watson v. Cmty. Educ. Ctrs., Inc.,* Case No. 2:10–cv–778–36SPC, 2011 WL 3516150, at *2 (M.D. Fla. Aug.11, 2011)). As pointed out by Martin, there is no reason to believe that the relevant documents in this case are not available in electronic format. Thus, this factor is neutral.

### iv. The Forum's Familiarity with Governing Law

Martin argues that the Middle District of Florida should hear this case because it is premised on Florida law. But here, the Eastern District of Missouri has already had these claims in front of it because Martin previously agreed to transfer virtually identical claims in her previous suit. Because of this, the Eastern District of Missouri is certainly familiar with the law governing this case. Moreover, it is not even clear that Florida law applies to all of Martin's claims. For example, Florida is a *lex loci contractus* state, meaning that in the absence of a contractual provision specifying the governing law, a contract is governed by the law of the state

10

in which the contract is made. *See Fioretti v. Mass. Gen. Life Ins. Co.*, 53 F.3d 1228, 1235 (11th Cir. 1995). Thus, because it is undisputed that Martin entered into her brokerage agreement with Scottrade in Illinois, it does not appear Florida law applies to Martin's breach of contract claim. And, even if Florida law applies, the Eastern District of Missouri is just as capable of applying Florida law as this Court. This factor is therefore neutral.

### v. The Locus of Operative Facts

"'[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor.'" *Brandywine Commc'ns Techs., LLC v. Apple, Inc.*, 2012 WL 12904174, at *7 (M.D. Fla. Aug. 23, 2012) (quoting *In re Hoffman–La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009)). As explained above, the operative facts in this case are the data breach and the allegations that Scottrade did not adequately secure its servers. The employees who work on the control and oversight of these computer systems are located in St. Louis, Missouri, and none of the relevant servers, data centers, or other hardware is located in Florida. (*See* Doc. 62-1). Accordingly, the operative facts in this case occurred not in Florida, but in St. Louis, Missouri. That Martin was a resident of Florida at the time of the breach and that she spent time in Florida monitoring her accounts and finances after the breach does not belie this conclusion. Accordingly, this factor weighs in favor of transfer.

### vi. Trial Efficiency

Scottrade argues that this factor weighs in favor of transfer because the average caseload in the Eastern District of Missouri is considerably less than that of in the Middle District of Florida. The Court, however, places little weight on this factor. Despite a higher caseload in the

11

Middle District of Florida, Martin's claims could be resolved efficiently in either district. This factor is therefore neutral.

### vii. The Remaining Factors

Neither Scottrade nor Martin addresses the remaining factors—the availability of process to compel the attendance of unwilling witnesses and the relative means of the parties. The Court therefore finds that these factors are neutral.

### viii. Weighing the Factors

Weighing all of the factors, the Court concludes that a transfer would serve the convenience of the parties and witnesses and would be in the interests of justice. Accordingly, Scottrade's motion to transfer to the Eastern District of Missouri (Doc. 62) is granted. In light of the transfer of this action to the Eastern District of Missouri, Scottrade's motion to strike or, alternatively, to dismiss the amended complaint (Doc. 67) is denied as moot to the extent it seeks dismissal of the amended complaint.

## IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Scottrade's motion to dismiss the original complaint (Doc. 61) is **DENIED AS MOOT** due to the filing of an amended complaint;

2) Scottrade's motion to strike or, alternatively, to dismiss the amended complaint (Doc. 67) is **DENIED** to the extent it seeks to strike the amended complaint and **DENIED AS MOOT** to the extent it seeks dismissal of the amended complaint;

3) Scottrade's motion to transfer this case to the Eastern District of Missouri is **GRANTED**. The Clerk is directed to **TRANSFER** this case to the Eastern District of Missouri and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of December, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record